Good morning. You made it over from 7th and Mission, all right. I did it. Thank you. Go ahead. Thank you for delaying things. Oh, absolutely. A few minutes for me. Not a problem. It all worked out. Good morning. My name is Lori Tyger. I'm representing Petitioner Appellant William Roper in this matter. I'd ask to reserve, and I'll try to reserve two minutes for rebuttal. The one issue that was certified by this court was whether or not it was ineffective for counsel to not request jury instructions regarding Counsel, at least for my purposes, the acoustics here are terrible. Would you please speak up if you can? Sure. I'm sorry. A little bit high for me. No disrespect to the district court. That's right. We love their courtroom. Maybe district judges planned it that way. I'll give you the minute back. It's not going to cost anything. Thank you. And I'll try to speak up. That's good. Go ahead. The one issue that was certified by this court was whether or not it was ineffective for counsel to not request jury instructions regarding the dual convictions for the robbery and the first degree kidnapping in this matter. This is evaluated under Strickland. You're all well aware of the components of Strickland. Our argument is that what was the problem in not asking for this instruction in this case? The problem is that it was a key question that should have been left for the jury to determine, and it's contrary to Nevada law. If we get to the merits, I think it's pretty clear what the answer is under Nevada law, but I've got a real serious concern about the procedural default issue here. Can you address that one? Which is why you had a couple of briefs for us as well. Exactly. That's why we asked for the briefing. Okay. Regarding procedural default, whether or not this claim should be dismissed by the court because it was rejected by the Nevada Supreme Court on adequate and independent state grounds? Well, it's really in my mind, and I'm not speaking for my colleagues here, but the concern I have is there's not much there in terms of his habeas petition to alert the state courts as to what it was he was asking for. And so the question is whether or not that was clear enough so that we can say he actually exhausted that claim or not. And I'm referring specifically to our case law in Galvin versus the Alaska Department of Corrections and so on, where we basically say the petitioner has got to make it pretty clear to the state courts that he's raising a federal claim here. And my response to that would be the district court, the federal district court below, evaluated the claim and did deem for it to be exhausted. Basically, his analysis of it was that under Lopez and Vasquez and those type of cases that came from the circuit, that it's exhausted so long as it doesn't fundamentally alter the claim. The district court did vote, did it not? It said it's defaulted, but even if it's not, I'm going to go on and reach the merits? Well, my understanding is that the district court found it to be exhausted and didn't raise default, and the attorney general didn't raise a procedural default as well. So your argument would be they've waived then on procedural default? That would be my argument. In addition, in terms of the procedural default, I don't think that based upon what you have going here, you have a situation where it was not rejected by the Nevada Supreme Court on an adequate and independent state ground in terms of it being there's some language in it cited to Hargrove of it being a bare naked claim. This isn't any kind of a Nevada procedural rule. It's not statutory. It's cited in a couple cases, and therefore I don't think that the way that the Nevada Supreme Court looked at it, you could adequately determine that that is a procedural default. What do we do with the fact that the Nevada Supreme Court found that the evidence was sufficient to support the conviction for both the robbery and the false imprisonment or kidnapping? Well, the interesting thing about that, and that kind of ties back to the merits of it, and it ties back to the merits of the argument, and the interesting thing about it is that the Nevada Supreme Court found that there was a kidnapping by looking at one set of facts, and then you have the federal district court that looked at it, and they said, well, you know, in terms of the merits of the issue, I think you have a kidnapping, but based upon looking at different facts. If you back it up, what's wrong here is that that should have gone to the jury. There's case law out there that says that, specifically, under Medbury and Mendoza, is that that should have gone to the jury. The jury should have been given that question as to whether or not there was a kidnapping, and under state law, that's debatable, and it's something that should be established by, it's a matter of fact for the jury, and I think that the interesting thing here is that you've got two courts that said, well, you know, we think that there was a kidnapping. We disagree with that, and we think it goes back even further than that, and that, let me collect my thoughts here. It goes back even further than that because we have a situation where it's a redundant conviction, and that you should have been allowed to have kidnapping and robbery here, but if you have two courts that are disagreeing as to exactly what the kidnapping was, shouldn't that be a matter that should have gone before the jury, and wasn't it ineffective for this lawyer to not put the only defense instruction out there that could have had a significant difference in this case based upon the fact that first-degree kidnapping in Nevada is a life sentence. In addition, what you have here is, in terms of Medbury, which is a Nevada case, the case law is a little bit unclear in terms of what actually a kidnapping is in Nevada, and I think that, again, that that's why the Nevada Supreme Court in 1980 ruled that, you know, it's a question of fact that should be determined by the jury, not by the Nevada Supreme Court. It should have been determined by the jury, and the question is whether if the movement was incidental to the associated offense, which would have been the robbery, and it didn't increase the risk of harm, then that's not a kidnapping. You've got a situation and an argument that can clearly be made here that the movement of the woman in this case didn't increase her risk of harm, and it wasn't a kidnapping. You can go both ways of that. Clearly, this is a matter that should have been put forth before the jury. I do with the observation, I can't remember which court made it, that the robbery could have been complete had the purse been taken in the hallway outside the hotel room and that once he followed her or forced her into the hotel room, tied her up with the telephone cord and locked her in the closet or threw her in the closet, that that would be an adequate record from which a reasonable jury could conclude that the kidnapping had also occurred. I would disagree with that, and at trial, I think adequate... You don't think that's enough? No. Not enough evidence to support a kidnapping charge? No, I don't, and here's why, and as you prepare for argument, you think of all the ways that you would have tried this case. The interesting thing here and why we have such a difficult time with robbery and the kidnapping and whether or not it's incidental and how do you basically tack on this additional crime for what really is a robbery and when, in fact, that can happen. If you look at it from that way, in my mind, what you're dealing with is you're dealing with a situation where a robbery can be something as simple as a purse snatching, and that's what is alluded to, a purse snatching that could have happened on an elevator. So if it takes place in a hotel room, does that necessarily add a life sentence on top of it? I don't think so. I think you've got a robbery there, and I think the difference in the robbery is something that should, if the defendant is found guilty of that, should be determined in terms of the sentence. That's why there's a range of sentence for robberies, and that's why something like a purse snatching is far different from a robbery that is a little bit more substantial in the use of force and everything else. It doesn't mean that you have made that huge colossal jump into yet another crime, and I think that's the argument. But aren't you arguing basically that this is all state law? No, my argument in terms of it not being state law, Judge Duffy, is that it's been raised under ineffective assistance of counsel, and so the constitutional law here is that counsel is ineffective for not proposing this instruction to put before the jury. And if there's no other questions, I have about a minute. I'll give you a look. Okay. Is it your position that this claim was exhausted in the state court? Yes, it is. Notwithstanding the fact that the trial court said there weren't any facts alleged to support the constitutional claim of ineffectiveness, under Nevada law apparently you have to not only say there was a violation of the Constitution, but you have to set forth facts before you have a proper cadence petition. Isn't that the Nevada law? That's Nevada law. That's correct. Were facts alleged here before the Nevada courts? My argument is that there were facts alleged and that he raised it as ineffective assistance of counsel, failure to present jury instruction. Again, what I'd also ask you to keep in mind is that we have a pro se litigant, and a pro se litigant is entitled to a deferential standard in terms of what he's put before the court. If Your Honors take a look at that petition, and I believe that I laid it out in one of my briefs. I filed so many. If you take a look at the exhaustion and what was presented and how he presented it, the issue that he is most concerned with and that he raised in terms of a trial court error, as well as sufficiency of the evidence, is exactly this. It's precisely this. It's whether or not the robbery, whether or not the dual convictions for the robbery and kidnapping arising from the same incident. He raises that as a trial court error. He also raises that as a substantive issue. He raises the IEC issue, failure to request the jury instruction. And in taking all of that in concern, all of that together, along with the fact that he's a pro se litigant, I would argue that it is fairly presented to the court. So if I disagree with you, don't you win? If you disagree with me? Yes. If you disagree with me and find that the petition is unexhausted, what I would ask of this court is that it is remanded back to the district court so that we can, there is a vehicle in Nevada that we can go back to state court. I believe that we can establish all of that under RINES in terms of getting a stay and going back to state court, and we can go to state court and challenge the Does polling apply under that circumstance? I believe that we can make a case that it would. It would be timely, in other words. I believe that there's a vehicle, and I 28J'd a couple of cases dealing with that, Salazar and Collier, where there is a vehicle in Nevada that would allow us to do that through a motion to correct an illegal sentence. And so while not conceding that Mr. Roper is unexhausted with this claim, I would ask that you allow for us to do that so that we can go back and hopefully take care of it in state court. Do you think there is a colorable claim here? A what claim? Do you think there's a colorable claim here of ineffectiveness as presented to the district court? Absolutely. Then aren't we required when there is a colorable claim, if we think there was no exhaustion, to send it back? You would be if you believe that, if you disagree with me and find that it's not exhaustion. I'm giving you batting practice pitches. Thank you. Thank you very much. I'll give you a little bit of rebuttal. Thank you. Let's hear what Mr. Farwell has to say. Good morning. May it please the clerk, my name is Tom Gover. I'm from the Nevada Attorney General's Office. There has been quite a bit of briefing right before oral argument. I think we've identified three different theories of how we can resolve this ineffective assistance of counsel claim. The one that our office has advocated right from the very beginning has been the exhaustion defense, and we continue to assert that exhaustion defense. I would refer the panel to excerpt of record 405, where we have ground three, which is the ineffective assistance of counsel claim, alleged by Mr. Roper in the state court. And if you look at that, it's a laundry list of many different ideas of why his counsel is ineffective. When you get to the very end, almost as an afterthought, number 11 is, oh, by the way, he failed to offer instructions for petitioner's defense. That is the claim. If you count maybe the four words on top about whether counsel were ineffective and the other fragment, you've got ten total words for a claim that was presented to the Nevada Supreme Court. Our whole issue is how is that to put the court on notice of what claims are before it? That is the whole heart of exhaustion. Anderson v. Harless. Which court? State court? The Nevada State Court. That's correct. Anderson v. Harless tells us that a petitioner is required to present the substance of his claim fairly presented in the state court, and he is supposed to articulate the factual basis for it and his legal theory for that. In this particular case, we simply don't have that. So are you arguing that the district court erred? Am I arguing? Yes. Our motion before the U.S. District Court was based on exhaustion. Once that motion was denied, we were ordered to proceed to the merits or otherwise respond. And a colleague from my office responded on the merits and discussed the merits of the claim. The U.S. District Court eventually found the claim to be without merit. The interesting thing about that, though, is if you look at Excerpt of Record 460, which is the district court's analysis on the merits for this, what we assert is an unenforced claim, He states that the factual allegations are not sufficiently different to change the legal theory underpinning the claim. That's his analysis in saying why the claim was exhausted. And he doesn't cite any case law for that, that somehow if various factual bases for a claim have the same legal underpinning, that somehow that exhausts the whole line of facts. That would be the equivalent of saying because Mr. Roper in his petition alleged someone failed to offer instructions for his defense, well, he's just exhausted every conceivable theory or every conceivable factual basis for ineffective assistance of counsel based on a claim of failing to offer instructions. And so we can take a look at 405, Excerpt of Record 405, which is the state petition, and if we compare it with the federal petition, not only in the federal petition was it alleged that counsel was ineffective for failing to request instructions based on the kidnapping being incidental to a count of robbery, but we even had two other factual bases. There was one that, well, he didn't ask for a lesser included or related offenses instruction, and he also didn't ask for advisory instruction based on insufficiency of the evidence. And so when my colleague is looking at this petition right at the very beginning and he sees ground 2C of the federal petition and he sees like three articulated bases for this failing to offer defense instruction theory, of course he's going to jump to exhaustion as a defense because in the state petition not even one was alleged. And so I think that is the crux of our defense related to exhaustion. If there's no questions related to exhaustion, I know one of the supplemental briefs asked us to look at whether or not we should treat Mr. Roper more leniently because he's a pro se petitioner, and I believe in my briefing I addressed that quite a bit. Standing before the panel, I would state even under a relaxed standard that we apply to pro se petitioners, you know, these ten words weren't sufficient to raise the issue before the Nevada Supreme Court, and even under that relaxed standard, the claim is still unexhausted. As to the merits, I would like to point out a timeline just briefly to help the court take a look at the merits of the constitutional violations that is alleged. No, actually the merits of, we'll get to both of them. Let me talk about the merits of what is Nevada law related to incidental robbery and kidnapping convictions. This case, the judgment of conviction, came out in January of 1997. That's when Mr. Roper was convicted, the judgment went in. In 1994, that's when Hutchins v. State came out. And in Hutchins v. State, the Nevada Supreme Court had dealt with the issue of kidnapping and robbery, and on pinpoint side 1139 through 40, it concludes, if the victim is physically restrained, this in itself establishes kidnapping. So in 94, where this case comes out, Mr. Roper's counsel is representing his client, the evidence before the court is this lady, Ms. Hill, is bound with telephone cords on her feet and her ankles, she's put in a closet on top of it, she's got pillows stuck on top of her and everything. When defense counsel sees these facts, knowing Roper, that physical restraint in and of itself establishes kidnapping, why is he going to enter an instruction, or seek to enter an instruction, talking about when robbery and kidnapping are incidental to one another and they shouldn't be dual convictions. Also, going along with my timeline here- Why wouldn't a good defense lawyer want to pursue that theory? I mean, it's better than the defense theory that was pursued that got him convicted. Well, and that is true. I think good counsel could have done that. But, of course, under Strickland and dealing with ineffective assistance of counsel, we understand that there is a broad range of ways where you can represent your client competently. One good counsel might submit that instruction, another good counsel might not submit that instruction. I would also point out that Mendoza, which is the basis of Roper's argument in this particular basis, was a 2006 case. We're talking nine years after the fact that Roper's counsel is supposed to come up with this instruction. And so, getting to a point of what state law is, state law was not clear in 1996-1997 when this case was going on, and how can you claim that counsel is ineffective for failing to enter instruction which is not clearly based on state law? The other way to look at the merits is the way the U.S. District Court looked at the merits. Basically, this is a ten-word claim. It's not very persuasive. As this case is presented to the Nevada Supreme Court, they were not objectively unreasonable in taking a look at this case and going on this particular ground and finding it to be without merit. That is the analysis that the U.S. District Court found in finding this case to be without merit. And so, you have two theories on how you can resolve this case on the merits. It was presented in such a defective manner that it was not meritorious, so the court wasn't objectively unreasonable. If we get to maybe the finer points of the law that are finally being brought to the forefront by Mr. Roper's appellate counsel, we look at this timeline of Mendoza and Hutchins and when this case occurred, and I still think that you cannot find that Mr. Roper's counsel was ineffective. And so, if there's not any questions, I'll... Let me see if I understand your position today. Sure. Are you arguing that we should reverse because the District Court lacked jurisdiction under 2254 because the claim was not exhaustive? Is that one of your arguments? Yes, and see, that's the bad thing, because the bad thing is if you rule it on the merits, it's done. I mean, from a standpoint, from a pure case management standpoint, right, I'd like to see this case go away, right? You rule on it on the merits, the case is done. Chances are, and I feel, that this case really should be resolved on this exhaustion issue, because I feel it's clearly not exhaustive, and I understand that it will be remanded, and I understand that, well, that will result in him having an opportunity to present these issues to the Nevada Supreme Court. I also understand that more likely than not, the Nevada Supreme Court is going to find that it's a successive petition and that it's untimely. And we'll probably be back here on procedural default issues. I do not... Although the Nevada Supreme Court could address the merits, I do not see them addressing the merits in this case. Now, your other argument, which is inconsistent with the first one, is that on the merits, we should affirm the District Court. Yes. Okay. If I'm forced into a position where you, as the District Court, all conspire against me and say this claim is exhaustive, okay, that is in front of the court, right, then I'll stand behind the U.S. District Court judge and say his ruling was right, and I point out, you know, how difficult it would be for this council in 1997 to anticipate what 2006 law was. And those are my alternative and maybe somewhat inconsistent positions. Thank you. It's an interesting issue. A couple of points in response to the Attorney General's position. Whether or not... Which position? Yeah. That's a good question. Don't confuse me. Maybe we should just number them, like claims for IAC and claim one, claim two. Right. Okay? In terms of whether or not we fundamentally alter... You disagree with him and believe that the claim was exhaustive. Correct. And that we should win on the merits. But you disagree with him that on the merits, you lose. Correct. But that's my position. In terms of whether or not we fundamentally alter the claim, I would direct, again, your attention to EOR 404, 405, and 406. That's where Mr. Roper, as a pro se litigant, addressed the failure to charge the jury to the extent that kidnapping would not lie if the movement was incidental to the robbery. That's on 404. On 405, he lays out his IAC failure to offer instructions for the petitioner's defense. And then on 406, he argues that there was insufficient evidence to do through trial to constitute the kidnapping. All of those, I believe that my position is that the federal district court got it right in finding that that was exhaustive because he found, as a pro se litigant entitled to a somewhat lesser standard, that in looking at his petition in entirety, it didn't fundamentally alter the claim. Secondly, and very importantly in terms of what Appelli has argued regarding what the law was for kidnapping and robbery at the time of Mr. Roper's trial in 1996, there's a lot of case law that was going on at this time in terms of precisely this issue. And I believe that, Judge Talman, your point of wouldn't it be better than what defense counsel argued is critical here because defense counsel argued nothing. Basically, if you look at this trial, there was absolutely no defense. The only problem with that is that the Supreme Court is constantly telling us that we should not look at these cases through the lens of 2020 hindsight. It's always easy for us at this stage of the litigation to look back and say, well, that didn't work very well. He got convicted and here we are. So, you know, the defense lawyer should have tried something different. The question is, at the time in trying to put ourselves back in the shoes of the trial lawyer in the face of this state of Nevada law, you know, is there any justification that we can think of that would have provided a tactical reason as to why he wouldn't have. And I'm having a hard time trying to figure out why a defense lawyer wouldn't want to have. Exactly. And that's precisely in terms of, you know, the case law that I put forward. There's absolutely no reason why tactically a defense counsel would not have put this position, this instruction forward. In addition, I would point out that the appellee has focused on Hutchins v. State and there's also another case, Clem v. State, that seemed to suggest that physical restraint of the victim in and of itself establishes a kidnapping. What has not been pointed out is that there's yet another case in Nevada, Davis v. State, which came down in 1994, two years prior to Roper's trial, Mr. Roper's trial, that established that there was physical restraint. And, again, they looked at the standard that had been previously set. They didn't say, per se, physical restraint equals a kidnapping, and I have an argument with the actual physical restraint part of it as well, in that she was able to get out of the closet and she was on the phone within two minutes with the phone cords unwrapped for her in terms of, you know, what constitutes physical restraint. If you look at the facts of those cases, they were duct taped and, you know, substantial. But that's a different argument. You're not seriously arguing that just because it took her two minutes to untie herself she wasn't restrained, are you? Please tell me that's not your argument. A little bit. A little bit. But the more important thing is that, again, this is something that should have been put before the jury because there is another case that came down in this period of time, Davis, that did say that, per se, physical restraint did not equal a kidnapping. And so the law was in flux, and that's why I put Mendoza before you, fully understanding that it's a 2006 opinion. But if you read that opinion, what the Nevada Supreme Court says is, yeah, we understand that we've got all these cases here, and they are all over the board. And so here's what kidnapping law should be. And kidnapping law should be something that's very similar to what had been established previously, in that if the movement of the victim was incidental to the associated defense, the robbery, and there's no increased risk of harm to the victim, then there's no kidnapping. And so my argument is that counsel was not effective, and there was absolutely no tactical reason that could say why he did not request to put forth this instruction. The factual basis that you just argued, was that presented to the Nevada Supreme Court in support of the federal constitutional claim of ineffectiveness? I'm sorry. One more time. You just argued that counsel failed to present requests, instructions, and have the court not permit the jury to come back with the conviction of both crimes. Correct. Was that stated in the petition to the Nevada Supreme Court, in the way you just said? The way I just phrased it was not stated. In any way, demonstrating what the ineffectiveness was. The failure to offer an instruction was presented to the Nevada Supreme Court. If you look at the petition in its entirety, I believe that you get there in terms of what we've had. So you concede that on page EOR405, the mere fact that the words failed to offer instructions for petitioner's defense, end quote, doesn't get you there. You've got to look at more than that in order to conclude that it was fairly presented. I concede that. You have to look at more than that. I believe that if you look at more than that, you can get there, especially under the pro se litigant standard. However, if this court disagrees and finds that it is unexhausted, I would ask that it be remanded back so that we can litigate it. Thank you both. That was a case well argued, and the matter is taken under submission. We'll get you an answer as soon as we can, and we are adjourned for the week. No. Oh, I should say all the other cases are submitted. Thank you.
judges: Alarcon, Tallman, Duffy